ENTERED
JUL 10 2007
K.R.W.

FILED
at ___ O'clock & ___ min. ___ M
JUL 1 0 2007
United States Bankruptcy Court
Columbia, South Carolina (08)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 06-03762-JW |
|---|---|
| Ruby L. Sawyer, | Chapter 13 |
| Debtor. | ORDER |

This matter comes before the Court on motion of Bank of America, N.A. ("Bank of America") to vacate the order confirming Ruby L. Sawyer's ("Debtor") chapter 13 plan ("Motion"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), (L), and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. Debtor commenced this case on August 30, 2006 by filing a petition under chapter 13 of the Bankruptcy Code.

2. Debtor's schedules disclose that Bank of America has a claim in the amount of $15,115.47 secured by a lien on Debtor's residence. Debtor's schedules further indicate that Bank of America's claim was incurred in 1999 and that Chase Home Finance, LLC, the only other creditor with a security interest in her residence, is secured by a claim incurred in 2003.

3. Debtor filed a chapter 13 plan ("Plan") on August 30, 2006. Debtor's Plan indicates Chase Home Finance, LLC's lien is senior to Bank of America's lien. The Plan contains a motion proposing to value Bank of America's secured claim at $0.00. Debtor served her Plan on Bank of America at the following addresses:

> Bank of America
> P.O. Box 1516
> Newark, NJ 07101-1516

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

>Bank of America
>P.O. Box 26059
>Greensboro, NC 27420
>
>Bank of America
>P.O. Box 22033
>Greensboro, NC 27430

The Certificate of Service indicates that Debtor did not serve the Plan, including related motions, by certified mail nor did Debtor direct the service to an officer of Bank of America.

4.    Notice of Debtor's bankruptcy case was served on Bank of America at the foregoing addresses by the Bankruptcy Noticing Center on September 2, 2006.

5.    On September 22, 2006, Bank of America filed an unsecured proof of claim for debt owed by Debtor on a credit card. The claim indicates that Bank of America's address is:

>Bank of America
>P.O. Box 26012
>NC4-105-03-14
>Greensboro, NC 27420

6.    Bank of America did not object to confirmation of Debtor's Plan and Bank of America asserts that it did not receive a copy of the Plan.

7.    On November 9, 2006, the Court confirmed Debtor's Plan. The order confirming Debtor's Plan was served on Bank of America at all of the foregoing addresses on November 11, 2006.

8.    Chase Home Finance, LLC filed its proof of claim on September 18, 2006 and attached a mortgage on Debtor's residence dated October 30, 2003.

9.    Bank of America filed a proof of claim on December 26, 2006 for its mortgage claim secured by Debtor's residence. The proof of claim contains a mortgage signed by Debtor and filed on May 19, 1999 in the Lexington County register of deeds office.

10. On April 24, 2007, Bank of America moved to vacate the order confirming Debtor's Plan under Fed. R. Civ. P. 60(b)(4) on grounds that Debtor did not serve Bank of America at its proper address[2] and failed to serve Bank of America with the Plan pursuant to Fed. R. Bankr. P. 7004(h) and therefore the order confirming the Plan is void as to Bank of America for Debtor's failure to provide Bank of America with due process.[3]

11. Debtor admits that she failed to serve the Plan pursuant to Fed. R. Bankr. P. 7004(h) but opposes the Motion on grounds that 11 U.S.C. § 342(c) controls service and that service was proper under this section of the Bankruptcy Code.[4] Debtor also asserts that Bank of America cannot meet the threshold requirements for a motion under Rule 60(b) in that Bank of America unreasonably delayed in bringing the Motion and Debtor and her estate would be unfairly prejudiced if the Motion is granted. Debtor did not indicate on the record that she has grounds to subordinate Bank of America's mortgage or that Bank of America agreed with Chase Home Finance, LLC to subordinate its interest.

## CONCLUSIONS OF LAW

Ordinarily, a motion under Fed. R. Civ. P. 60(b) is a considered in two parts. First, the moving party must satisfy the following three threshold requirements: (1) the motion must be timely filed; (2) the moving party must have a meritorious defense to the action; and (3) the setting aside of the judgment must not unfairly prejudice the nonmoving party. See Nat'l Credit Union v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). Once the threshold requirements of the first prong have been met, the moving party must next satisfy one of the six grounds for relief set forth in Rule 60(b). Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).

---

[2] Bank of America contends that the address contained in the proof of claim filed in September is the proper address for service.

[3] Bank of America is an "insured depository institution," as defined by Section 3 of the Federal Deposit Insurance Act.

[4] The Court shall consider the merits of Debtor's objection to Bank of America's Motion notwithstanding the fact that the objection was asserted to be late. Bank of America's oral motion to strike Debtor's objection is overruled.

However, for a motion under Rule 60(b)(4), the moving party is not required to satisfy the threshold requirements of the first prong. See Vinten v. Jeantot Marine Alliances, S.A., 191 F.Supp.2d 642, 650-651 (D.S.C. 2002) (noting a lack of definitive Fourth Circuit case law on the issue but holding, based upon the overwhelming consensus of other circuit courts, that the threshold requirements do not apply to a motion under Rule 60(b)(4)); Marquette Corp. v. Priester, 234 F.Supp. 799, 802 (D.S.C. 1964) ("Under clause (4) the only question for the court is whether the judgment is void; if it is, relief from it should be granted."). See also Garcia Financial Group, Inc. v. Virginia Accelerators Corp., 3 Fed. Appx. 86, 2001 WL 117497, * 2 (4th Cir. 2001) (unpublished) (noting a party does not need to establish the threshold requirements of timeliness or a meritorious defense for a motion under Rule 60(b)(4)). Accordingly, the Court should not consider the timeliness of Bank of America's Motion or whether Debtor is unfairly prejudiced by the Motion in determining whether Bank of America is entitled to the relief it seeks since these threshold requirements are not applicable to Bank of America's Motion.[5] See Vinten, 191 F.Supp.2d at 650-651.

The outcome of this case thus hinges on whether service of a plan under 11 U.S.C. § 342(c) is sufficient to afford Bank of America due process for purposes of Debtor's valuation of its security interest in her Plan. Debtor argues that statutory requirements for service under 11 U.S.C. § 342(c)(2)(A) trump Fed. R. Bankr. P. 7004(h), while Bank of America asserts that the service requirements under the rule are not supplemented by this statute.

---

[5] To the extent the threshold requirements are applicable, the Court would find the Motion appears sufficiently timely under Fed. R. Civ. P. 60(b) in that it was brought within five months of the order confirming the Plan. It also appears that Debtor is not unfairly prejudiced by the Motion considering the want of due process. Though it may be difficult for Debtor to cure Bank of America's claim or complete this case if Bank of America's Motion is granted and its claim allowed, the Court is not convinced that granting Bank of America's motion is fatal to Debtor's reorganization efforts at this early stage in Debtor's bankruptcy case. Finally, Bank of America appears to have a meritorious defense. Counsel for Bank of America proffered that Bank of America believes that the value of Debtor's residence exceeds the claim of Chase Home Finance, LLC. Further, Debtor's schedules and the proofs of claim filed in this case indicate that Bank of America has the senior lien and therefore may not be valued.

11 U.S.C. § 342(c) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Reform Act").[6] As amended, the statute now states in part:

> If, within the 90 days before the commencement of a voluntary case, a creditor supplies the debtor in at least 2 communications sent to the debtor with the current account number of the debtor and the address at which such creditor requests to receive correspondence, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

11 U.S.C. § 342(c)(2)(A).

The Reform Act added this section to 11 U.S.C. § 342(c) to supplement the pre-existing provision of 11 U.S.C. § 342(c)(1), which requires Debtor to provide notice.[7] The Fourth Circuit has previously distinguished between the providing of "notice," a matter generally directed to all creditors, and providing a particular creditor with notice for due process as directed by more specific provisions of the Federal Rules of Bankruptcy Procedure. See In re Banks, 299 F.3d 296, 301 (4th Cir. 2002) (holding that the "[m]ailing the proposed plans, the hearing notice, and the confirmation order satisfies that 'notice' requirement under Rule 2002, but not the service requirements of Rule 7004."). In Banks, the Fourth Circuit held that the providing of notice of a chapter 13 plan did not afford a creditor due process when such notice was required to be given in a particular manner to the creditor, such as by motion and proper service under Fed. R. Bankr. P. 7004. See Banks, 299 F.3d at 302 (rejecting case law from the Ninth and Tenth Circuits holding that mere notice of a chapter 13 plan satisfies a creditor's right to due process). This distinction between "notice" and service of process applies with equal force following the Reform Act. The revised law does not alter the pre-existing scheme of notice but merely sets

---

[6] See Pub L. No. 109-8 (2005) (codified in scattered sections of 11 U.S.C.).
[7] 11 U.S.C. § 342(c)(1) provides:
    If notice is required to be given by the debtor to a creditor under this title, any rule, any applicable law, or any order of the court, such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor....
11 U.S.C. § 342(c)(1).

5

forth the contents of the notice and where notice is to be sent.[8] 11 U.S.C. § 342(c)(2)(A) does not determine the manner of service or who is to receive service in adversaries or contested matters, which are specifically addressed by Fed. R. Bankr. P. 7004 and 9014(b) and, according to Fourth Circuit case law, are distinct from general notice required to be given by a debtor. See id. at 302; Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160, 162-163 (4th Cir. 1993) (vacating a confirmation order where the creditor was provided with "notice" of the plan but not served with a summons and motion, as required by Fed. R. Bankr. P. 7004, for the valuation of the creditor's security interest). To hold otherwise would appear to make the service requirements, provided for by the Federal Rules of Bankruptcy Procedure, in contested matters and adversary proceedings meaningless since a debtor may avoid the specific due process safeguards provided for by these rules by merely providing a creditor with general notice that debtor was altering the creditor's rights. See In re Bailey, 151 B.R. 28, 33 (Bankr. N.D.N.Y. 1993) (holding rules of statutory construction require interpretation such that no clause, sentence, or word is rendered superfluous, contradictory, or insignificant; since the Rules are promulgated by the Supreme Court pursuant to the Congressional authority of 28 U.S.C. § 2075, they have the force of law and should be harmonized with the Bankruptcy Code). See also Cen-Pen Corp. v. Hanson (In re Hanson), 58 F.3d 89, 93 (4th Cir. 1995) (holding that parties have the right to expect that the proper procedures will be followed when a debtor is altering the rights of a creditor).

Valuation of a creditor's security interest is a contested matter pursuant to Fed. R. Bankr. P. 3012 that must be brought by motion. See Fed. R. Bankr. P. 3012 (advisory comments noting

---

[8] There is no clear indication in the legislative history of the Reform Act that Congress intended to supplant the existing scheme of service of contested matters and radically depart from prior practice. See H.R. Rep. No. 109-31(I), at 77-78 (2005). "Court should not presume that amendments to the Bankruptcy Code alter past bankruptcy practices absent a clear indication from Congress of such intent." In re Edmunds, 350 B.R. 636, (Bankr. D.S.C. 2006) (citing Cohen v. de la Cruz, 523 U.S. 213, 221, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998))

that the rule permits the matter to be raised by motion). Fed. R. Bankr. P. 9014(b) requires the service of such motion comply with Fed. R. Bankr. P. 7004. Debtor's Plan also specifically provides that "Related Motions shall be served ... according to Fed. R. Bankr. P. 7004." Though Debtor's Plan contains the requisite motion to value Bank of America's security interest, Debtor failed to serve Bank of America with this motion pursuant to Fed. R. Bankr. P. 7004(h). Therefore, in light of Bank of America's denial of the receipt of service and lack of evidence that the Plan was properly served, the confirmation order cannot be given preclusive effect as to Bank of America because the order would result in a denial of due process. See Banks, 299 F.2d at 302 (holding, where that Bankruptcy Rules require a heightened degree of notice, that "due process entitles a party to receive such notice before an order binding the party will be given preclusive effect."), In re Hamlett, 322 F.3d 342, 346 (4th Cir. 2003) (holding that service by regular mail on a registered agent does not satisfy the due process requirements of Fed. R. Bankr. P. 7004(h)), Hovis v. Grant/Jacoby, Inc. (In re Air South Airlines, Inc.), C/A No. 97-07229-W, Adv. Pro. No. 99-80204-W, slip op. at 7-9 (Bankr. D. S.C. Feb. 28, 2000) (setting aside an order of default where the service was not directed to an agent pursuant to Fed. R. Bankr. P. 7004)).

Moreover, the Court must note that the Plan, in this case, appears to do more than value Bank of America's lien but may alter the priority of Bank of America's lien. Debtor's schedules and the filed proofs of claim each appear to indicate that Bank of America has the senior lien on Debtor's residence; however, Debtor's Plan indicates that Bank of America's lien is junior to Chase Home Finance, LLC.[9] Within the context of chapter 13 cases, the Fourth Circuit has consistently held that a chapter 13 plan may not modify those rights of a party that require an adversary proceeding, such as a proceeding to determine or alter the priority of a creditor. See Banks, 299 F.3d at 302; Cen-Pen Corp., 58 F.3d at 93; In re Deutchman, 192 F.3d 457, 460 (4th

---

[9] On May 8, 2007, Debtor filed an objection to Bank of America's claim. Debtor withdrew that objection on July 10, 2007 and appeared to concede that Bank of America has the senior lien on her residence.

7

Cir. 1999). Fed. R. Bankr. P. 7001(2) and (8) require an adversary to affect the priority of Bank of America's lien or to otherwise subordinate its claim to junior creditors. Additionally, the Plan itself provides that it does not waive or adversely affect the rights of any party with respect to any cause of action, thereby indicating that the Plan does not determine those rights that must be established by an adversary proceeding. Therefore, to the extent Bank of America has the senior lien on Debtor's residence that could not be valued or stripped off, the confirmation order cannot be given preclusive effect since no adversary proceeding was initiated to alter Bank of America's priority or subordinate its claim. See Hanson, 58 F.3d at 93; In re Enewally, 368 F.3d 1165, 1173 (9th Cir. 2004) (finding a confirmed chapter 13 plan is not given *res judicata* effect on the bifurcation of a first mortgage creditor's lien on debtor's residence since such must be determined by adversary); In re Wright, C/A No. 01-0235-W, slip op., 2001 WL 1804187 (Bankr. D.S.C. Jun. 13, 2001) (holding a debtor may not value a mortgage where there is equity in the property in excess of senior mortgages); In re Carr, 318 B.R. 517, 521 (Bankr. W.D. Wis. 2004) (setting aside a confirmation order where the plan valued the first mortgage on debtor's residence since such valuation is not permissible under 11 U.S.C. § 1322(b)(2)).

Therefore, based on the foregoing, Bank of America's Motion is granted and the confirmation order is vacated as to Bank of America. Debtor shall amend her chapter 13 plan within ten (10) days from the entry of this Order.

**AND IT IS SO ORDERED.**

*John Ewaites*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
July 10, 2007

8